UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZELIMIR SHEM MCDOWELL,

           Plaintiff,

   v.

JOHN DOE, et al.,

           Defendants.

Case No. C18-1328-RSL-MAT

REPORT AND RECOMMENDATION

I.     INTRODUCTION

Plaintiff, a state prisoner, has filed an application to proceed *in forma pauperis* and a proposed civil rights complaint under 42 U.S.C. § 1983. Plaintiff seeks to bring federal constitutional claims against three John Doe defendants—a King County Corrections Officer and two transport officers with the Washington State Department of Corrections ("DOC")—related to the loss of his personal property when he was transferred from county to state custody. Because plaintiff's proposed complaint fails to state a claim upon which relief may be granted and because it appears that amendment would be futile, the Court recommends that this action be dismissed and the application to proceed *in forma pauperis* be denied as moot.

/ / /

REPORT AND RECOMMENDATION - 1

II. BACKGROUND

Plaintiff alleges the following facts in his proposed complaint. *See* Dkt. 1-2. On September 8, 2017, plaintiff was transferred from the King County Regional Justice Center ("RJC") in Kent, Washington, to the Washington Corrections Center ("WCC") in Shelton, Washington. At approximately 6:00 a.m., plaintiff left his cell at the RJC with all of his legal property and was escorted to the Intake and Release Department property room. Plaintiff left some of his legal property for a family member to pick up and opted to take one folder of legal materials with him to the WCC.

Sometime between 7:00 a.m. and 8:15 a.m., defendant John Doe 1[1], whom plaintiff identifies as a black male corrections officer who was working the second shift, placed plaintiff's folder of legal materials in a small brown paper bag and placed the bag on a silver cart. John Doe 1 told plaintiff that his property would be transferred with him to the WCC. At approximately 8:15 a.m., John Doe 2 and John Doe 3, whom plaintiff identifies as white male WCC transport officers working the second shift, arrived at the RJC and loaded plaintiff, along with other inmates being transferred to DOC custody, on a bus bound for the WCC.

When plaintiff arrived at the WCC, he discovered that his folder of legal materials had not arrived. He informed Sergeant Goodwin, who told him that inmates at the WCC were not allowed to possess legal property. Sergeant Goodwin told plaintiff that his legal property would be stored in the property room until he was transported to his permanent institution, and that he could ask to view it at the law library. Plaintiff sent several requests to the law library to view his legal materials, but his folder was never located. Because plaintiff could not access his legal materials, he was unable to appeal his criminal case.

---

[1] Plaintiff identifies three defendants as "John Doe." To avoid confusion, the Court refers to them as John Doe 1, John Doe 2, and John Doe 3.

REPORT AND RECOMMENDATION - 2

Plaintiff never recovered his folder of legal materials. He filed two tort claims alleging negligence on the part of defendants, but both were denied. Plaintiff then filed an application to bring the instant civil rights action *in forma pauperis*. He alleges that defendants' "negligence in not following proper procedure and protocol" violated his rights under the First, Fourth, and Fourteenth Amendments. He seeks monetary and other damages.

### III.    DISCUSSION

A.    Legal standard

When a prisoner files a complaint, the Court must dismiss it prior to service if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, § 1915(e)(2)(b)(ii). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). While detailed factual allegations are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be "enough to raise a right to relief above the speculative level." *Id.* The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). When dismissing a complaint at the screening stage, the Court gives *pro se* prisoners leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106

(9th Cir. 1995).

B. <u>Section 1983 standard</u>

To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

C. <u>All of plaintiff's proposed claims are deficient and amendment would be futile</u>

Plaintiff claims that defendants' alleged actions violated his First, Fourth, and Fourteenth Amendment rights. Each of these claims fails.

*First Amendment Claim* – Plaintiff alleges that defendants violated his First Amendment right to his legal property by acting negligently. While the First Amendment creates several rights—including freedom of speech, freedom of religion, and freedom to file grievances and pursue civil rights litigation in federal court without retaliation—it does not afford plaintiff a right to his legal property. Accordingly, this claim fails, and it is clear that amendment would be futile.

*Fourth Amendment Claim* – Plaintiff alleges that defendants conducted an unlawful search and seizure of his legal property in violation of the Fourth Amendment. The loss or destruction of property *in carrying out a search* implicates the Fourth Amendment. *See United States v. Jacobsen*, 466 U.S. 109, 124-25 (1984). Here, however, plaintiff's legal property was not lost or destroyed as a result of a search. Rather, plaintiff voluntarily turned his folder of legal materials over to John Doe 1, and it was lost during transport to the WCC. Thus this claim is not cognizable

REPORT AND RECOMMENDATION - 4

under the Fourth Amendment, and because it fails as a matter of law, amendment would be futile.

*Fourteenth Amendment Due Process Claim* – Plaintiff alleges defendants violated the Due Process Clause because they lost his folder by negligently failing to follow "proper procedure and protocol." A random, unauthorized deprivation of a prisoner's property, whether it is done intentionally or negligently, does not constitute a violation of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available under state law. *Hudson v. Palmer*, 468 U.S. 517, 534 (1984); *see also Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); *Sorrels v. McKee*, 290 F.3d 965, 972 (9th Cir. 2002). Washington State provides a meaningful post-deprivation remedy for the intentional or negligent loss of property by state agents and employees. In Washington, a plaintiff may file a tort claim against the State for unlawful loss or destruction of inmate property. RCW 72.02.045; RCW 4.92.090-100; *see Franklin v. State Welfare Division*, 662 F.2d 1337, 1345-46 (9th Cir. 1981); *see also Jeffries v. Reed*, 631 F. Supp. 1212, 1216 (E.D. Wash. 1986). As plaintiff has an adequate state post-deprivation remedy for the loss of his personal property, his federal due process claim fails as a matter of law and amendment would be futile.

*Fourteenth Amendment Equal Protection Claim* – Plaintiff claims defendants violated the Equal Protection Clause. "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted). None of plaintiff's allegations implicate the Equal Protection Clause. Accordingly, this claim fails and amendment would be futile.

IV.     CONCLUSION

Because the facts alleged do not suggest a violation of any federal civil right and amendment would be futile, the Court recommends that this action be DISMISSED and that plaintiff's application to proceed *in forma pauperis*, Dkt. 1, be DENIED as moot. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 26, 2018**.

Dated this 4th day of October, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6